**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOUR UNLIKELY FRIENDS, LLC, | ) | Case No. 11 B 1163 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on February 7, 2012 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable A. Benjamin Goldgar, or any other Judge sitting in his stead, in the Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 613, in Chicago, Illinois, and present the Motion for Entry of Final Decree, a copy of which is attached hereto and is hereby served upon you.

FOUR UNLIKELY FRIENDS, LLC,

By: /s/ Patrick M. Jones
    One of its Attorneys

Patrick M. Jones, ARDC No. 6271256
SMITHAMUNDSEN, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601-7524
Telephone: 312.894.3200
Facsimile: 312.894.3210

**CERTIFICATE OF SERVICE**

      I, Patrick M. Jones, an attorney, hereby certify that I caused true and correct copies of the attached Motion for Entry of Final Decree to be served upon the attached service list via first class, United States mail, postage pre-paid on this the 12th day of January, 2012 and electronically via the court's Electronic Document Filing System.

      /s/ *Patrick M. Jones*

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Rm. 873
Chicago, IL 60601
*US Trustee*

Alliance Paper and Food Service
11058 West Addison Street
Franklin Park, IL 60131

Arrow Messenger Service
1322 West Walton
Chicago, IL 60642

Bags & Bows
P.O. Box 88042
Chicago, IL 60680

Blue Cross/Blue Shield
300 East Randolph
Chicago, IL 60601

Brandon Mayberry
101 West 24th Street, Apt. 22B
New York, NY 10011

CNA Insurance
333 South Wabash Avenue
Chicago, IL 60614

Chase
P.O. Box 15153
Wilmington, DE 19886-5153

Diane Primo
180 West Laurel
Lake Forest, IL 60045

Estate of Margot Chapman
c/o Sheribel Rothenberg
36 S. Wabash, #1310
Chicago, IL 60603

James Vourvoulias Accounting
6659 North Avondale
Chicago, IL 60631-1507

Koplin Construction & Design Ltd.
2419 Riverwoods Road
Deerfield, IL 60015

Krasnow, Saunders Cornblath LLP
500 North Dearborn, St. #200
Chicago, IL 60654

Lathrop & Gage
1888 Century Park East Suite 1000
Los Angeles, CA 90067

MT Food Service
400 North Noble Street
Chicago, IL 60642

McGuffin Creative Group
566 West Adams Street
Chicago, IL 60661

Microprint
1294 Lakeview Drive
Romeoville, IL 60446

PNC Bank
Attn: Linda Cunningham
3232 Newmark Drive (B6-YM15-01-6)
Miamisburg, OH 45342

Pamela L. Rose
1259 Golf View Drive
Woodridge, IL 60517

Qzina Speciality Foods
3701 North 25th Avenue
Schiller Park, IL 60176

2

Rockwood Co
attn: Amy Homer
attn: Dan Berman
20 North Wacker Drive Suite 960
Chicago, IL 60606

Ungaretti & Harris LLP
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602

John E. Gierum
GIERUM & MANTAS
9700 West Higgins Road
Suite 1050
Rosemont, IL 60018
Attorney for Neil Tormon

Forrest L. Ingram
Forrest L. Ingram P.C.
79 W. Monroe
Suite 900
Chicago, IL 60603
Attorney on Appeal for Neil Tormon

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOUR UNLIKELY FRIENDS, LLC, | ) | Case No. 11 B 1163 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |

**MOTION FOR ENTRY OF FINAL DECREE**

Four Unlikely Friends, LLC (the "Debtor") submits this Motion for Entry of Final Decree (the "Motion"). In further support of the Response, the Debtor states as follows:

**BACKGROUND**

1. On January 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. No official committee of unsecured creditors has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been appointed in the Debtor's Bankruptcy Case. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor operates a bakery and retail store specializing in the baking and selling of cupcakes. The Debtor sells cupcakes directly to the public at its retail location and to Whole Foods Market.

4. On September 2, 2011, after a notice and a hearing – during which the Court considered and denied each of Tormon's objections to the Plan – the Court entered an order confirming the Plan.

5. The Plan required the reorganized Debtor to (i) pay the fees of the United States Trustee, entered into a revised secured lease agreement with its secure lender, (ii) make distributions to general unsecured creditors in an amount of five per cent within thirty (30) days of the Confirmation Date, (iii) pay approved attorneys fees from new working capital provided by a member of the Debtor, and (iv) amend the Debtor's by-laws to reflect the change in the Debtor's ownership.

6. On September 16, 2011, Tormon filed an appeal of the order confirming the Plan.

7. On December 22, 2011, the District Court for the Northern District of Illinois entered an order affirming this Court's order confirming the Plan.

8. All actions required to be taken by the Debtor pursuant to the Plan have been completed.

## RELIEF REQUESTED

The Debtor respectfully requests that the Court enter an order closing the Debtor's Chapter 11 bankruptcy case. Section 350(a) of the Bankruptcy Code provides that the court shall close a case after the estate is fully administered and the court has discharged the trustee. 11 U.S.C. §350(a). Rule 3002 of the Federal Rules of Bankruptcy Procedure provides that "[a]fter an estate is fully administered… the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Section 105 of the Bankruptcy Code provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the title."

Factors that the Court should consider in determining whether an estate has been fully administered include (i) whether the order confirming the plan is final, (ii) whether deposits required by the plan have been distributed, (iii) whether the property proposed by the plan to be

transferred has been transferred, (iv) whether the debtor or its successor has assumed the business of the management of the property dealt with the plan, (v) whether payments under the plan have commenced, and (vi) whether all motions, contested matters, and adversary proceedings have been resolved. See Collier Bankruptcy Manual, 3d Ed. Rev. part §350.02[2].

In this case, the order approving the Plan has become final. All distributions required to be made under the Plan have been made. The Debtor's new management has taken over the Debtor's operations. There are no motions, contested matters or adversary proceedings pending. The only appeal filed has been denied.

The closing of the case would be without prejudice to the rights of any party in interest to seek to reopen the case. Should any creditor or plan administrator determine that further involvement of the court is required or is desirable, then a motion to reopen the case may be filed with the Court any time in the future.

WHEREFORE, the Debtor requests that this Court enter an order (i) entering the final decree, and (ii) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated: January 12, 2012

                                        FOUR UNLIKELY FRIENDS, LLC

                                        By: /s/  Patrick M. Jones
                                            One of its Attorneys

Patrick M. Jones, ARDC No. 6271256
SMITHAMUNDSEN, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601-7524
Telephone:  312.894.3200
Facsimile:  312.894.3211

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOUR UNLIKELY FRIENDS, LLC, | ) | Case No. 11 B 1163 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |

**ORDER OF FINAL DECREE**

This cause coming to be heard on the Debtor's Motion for Entry of Final Decree, the Court having jurisdiction over the parties and subject matter and being duly advised in the premises, due Notice having been given to the parties entitled thereto,

IT IS HEREBY ORDERED:

1. The Motion is granted;

2. The Debtor's Plan has been substantially consumated in accordance Section 1101(2)(c) of the Bankruptcy Code; and

3. The Debtor's Chapter 11 bankruptcy case is closed.

ENTERED:


By:_____
Honorable A. Benjamin Goldgar
United States Bankruptcy Judge


Order Prepared By:

Patrick M. Jones, ARDC No. 6271256
SMITHAMUNDSEN, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601-7524
Telephone: 312.894.3200
Facsimile: 312.894.3211

3